## Salem

ERIC LEE HALL

v.

COMMONWEALTH OF VIRGINIA

No. 0962-91-3

Decided September 29, 1992

COUNSEL

Ronald W. Vaught (Parks & Vaught, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Eric Lee Hall, who was convicted of driving after having been adjudicated an habitual offender, contends that (1) the trial court erred by admitting into evidence a copy of the Richmond Circuit Court order adjudicating him an habitual offender because the order had not been properly authenticated; and (2) the evidence was insufficient to support his conviction. The Richmond Circuit Court order was received in evidence as part of the Department of Motor Vehicle (DMV) transcript of Hall's driving record. Because that order had become part of the permanent records of the DMV as provided by Code § 46.2-355, we hold that the trial judge did not err by admitting it as part of the DMV transcript and abstract of Hall's driving record as properly authenticated in accordance with Code § 46.2-215. Further, we hold that the evidence was sufficient to prove that Hall unlawfully operated a motor vehicle in the Commonwealth while the habitual offender order prohibiting him from driving in the

Commonwealth remained in effect, in violation of Code § 46.2-357. Thus, we affirm Hall's conviction.

During the course of a commercial vehicle safety check in Botetourt County, Trooper J.F. Blosser stopped a truck driven by Eric Lee Hall. Blosser ran a radio check and learned that Hall's license to operate a motor vehicle had been suspended because he had been adjudicated to be an habitual offender. Hall was arrested and charged with operating a motor vehicle in the Commonwealth after having been forbidden to do so, in violation of Code § 46.2-357.

At Hall's bench trial, a transcript of his DMV record, which included a copy of the Richmond Circuit Court habitual offender order, was offered into evidence by the Commonwealth. Hall objected, contending that the copy of the order declaring him an habitual offender was inadmissible because it had not been properly authenticated as a judicial record in accordance with Code § 8.01-389(A). The challenged copy of the Richmond Circuit Court order bore no signature purporting to have been signed by a judge of the Richmond Circuit Court. The order had a blank signature line, under which was typed "Enter: Iva R. Purdy, Clerk" followed by "A Copy Teste" with a line bearing an illegible signature which did not appear to be that of Iva R. Purdy. The copy of the court order was offered as part of the DMV records and in support of the transcript of Hall's driving record, which had been received from DMV and which bore the DMV seal and the signature of Donald E. Williams, the Commissioner of DMV, or certification by his designee. The Commonwealth responded that the Richmond Circuit Court order was not being offered to prove that Hall had been declared an habitual offender, but was offered for the limited purpose of showing that Hall had notice that he had been adjudicated an habitual offender, since he had been served with a copy of the order. The Commonwealth contends that the DMV transcript, which stated that Hall's license had been suspended indefinitely because he had been adjudicated an habitual offender, was offered to establish that Hall had been adjudicated to be an habitual offender and was forbidden from driving. The Commonwealth asserted that the DMV transcript and records submitted in support of it had been properly authenticated by the DMV in accordance with Code § 46.2-215 and that they were admissible. The trial court overruled Hall's objection to the copy of the order adjudicating Hall an habitual offender and prohibiting him from driving and admitted it into evidence as properly authenticated pursuant to Code § 46.2-215.

The trial court convicted Hall of driving after having been declared an habitual offender and sentenced him to one year imprisonment.

The Commonwealth concedes that had the Richmond Circuit Court order declaring Hall an habitual offender not been part of the authenticated DMV records, it would have failed to satisfy the requirements of Code § 8.01-389(A). *See Carroll v. Commonwealth*, 10 Va. App. 686, 690-91, 396 S.E.2d 137, 140 (1990) (holding an habitual offender adjudication order similarly authenticated to be inadmissible because it did not comply with Code § 8.01-389(A)). As in the *Carroll* case, neither the order nor any evidence in the record established that the person who signed the certificate on the order was authorized by law to act in place of the clerk so as to satisfy the certification requirement of Code § 8.01-389(A). The Commonwealth contends, however, that the habitual offender order was part of the records that the DMV is required to maintain, and because that record was properly authenticated pursuant to Code § 46.2-215,[1] it satisfied that statutory authentication requirement for admissibility. We agree.

■ The Commonwealth may elect to prove that an accused has been declared to be an habitual offender and continues in that status by any of several means of proof that may be available. The Commonwealth may elect to present a certified copy of the order from the court which declared the person to be an habitual offender, in which case the order must satisfy the authentication requirements of Code § 8.01-389(A). The Commonwealth may also elect, as it did here, to prove through the records of the DMV that Hall had been declared an habitual offender, in which case the records must be authenticated in accordance with Code § 46.2-215.

---

[1] **Code § 46.2-215. Certification of certain records and admissibility in evidence.**—Whenever any record, including records maintained by electronic media, by photographic processes, or paper, in the office of the Department is admissible in evidence, a copy, a machine-produced transcript, or a photograph of the record or paper attested by the Commissioner or his designee may be admitted as evidence in lieu of the original. In any case in which the records are transmitted by electronic means a machine imprint of the Commissioner's name purporting to authenticate the record shall be the equivalent of attestation or certification by the Commissioner.

Any copy, transcript, photograph, or any certification purporting to be sealed or sealed and signed by the Commissioner or his designee or imprinted with the Commissioner's name may be admitted as evidence without any proof of the seal or signature or of the official character of the person whose name is signed thereto. If an issue as to the authenticity of any information transmitted by electronic means is raised, the court shall require that a record attested by the Commissioner or his designee be submitted for admission into evidence.

Hall argues, however, that to admit the DMV transcript as proof that he was an habitual offender when that entry was predicated on the improperly authenticated order, or to admit the order itself as part of DMV's records, effectively permits the Commonwealth to introduce into evidence a court order that does not meet the authentication requirements for admissibility of judicial records under Code § 8.01-389. He contends that such a rule would thwart the statutory safeguards that the legislature established to ensure the authenticity of a court order before it may be received into evidence. The legislature has provided for authentication of public or official documents or reports by any of several means. The various statutes provide which officials may, or are required to, certify a document's authenticity, and they may also require double authentication in some instances. *See, e.g.,* Code §§ 8.01-389, -390, -391, -413, 15.1-8, 16.1-88.2, and 19.2-188.

■ In order to prove that Hall had been adjudicated to be an habitual offender and remained in tha t status when Trooper Blosser stopped him while operating a truck, the Commonwealth offered into evidence the DMV transcript and the record of Hall's driving convictions and suspension or revocation status, which included the copy of the habitual offender order. As noted, the DMV transcript showed that Hall had been declared an habitual offender by the Richmond Circuit Court and that he remained in that status on the date Trooper Blosser testified to having observed Hall driving in Virginia. The entry on the transcript showing Hall to be an habitual offender was obviously based upon the Richmond Circuit Court order, which had "become a part of the permanent records of the Department" as provided by Code § 46.2-355. Code § 46.2-355 provides that when a person is adjudicated to be an habitual offender "[t]he clerk of the court shall file with the Department a copy of the order *which shall become a part of the permanent records of the Department.*" (emphasis added). The statute requires no formality by the clerk in filing the order before it may become a part of DMV's records. To be filed with DMV and become part of its permanent records, the order need not be authenticated as required by Code § 8.01-215 as though it were being received in evidence in a judicial proceeding. Thus, the order, by virtue of its filing by the circuit court clerk with DMV, became "a part of the permanent records of the Department" of Motor Vehicles and, as such, compliance with the authentication requirements of Code § 46.2-215, rather than those of Code § 8.01-389(A), satisfied the requirement of proving that the court order was a genuine and official record of DMV.

The DMV transcript showing Hall's habitual offender adjudication and the order declaring him an habitual offender filed by the clerk of the court in compliance with Code § 46.2-355 bore the seal of the DMV and was signed and certified by a designee of the DMV commissioner. Consequently, it was properly authenticated as part of DMV's records and satisfied the authentication requirements for admissibility pursuant to Code § 46.2-215.

Hall also contends that even if the DMV transcript and copy of the habitual offender order were properly authenticated records of DMV under Code § 46.2-215, as we have just held, they nevertheless were hearsay and inadmissible to prove that he had been declared an habitual offender. Hall correctly contends that authenticating a document—that is, proving that it is genuine—does not resolve other obstacles that may prevent the evidence from being admissible. *See Ingram v. Commonwealth*, 1 Va. App. 335, 337-38, 338 S.E.2d 657, 658 (1986). The hearsay issue must be resolved independently of Code § 46.2-215. Hall also correctly notes that the DMV transcript which showed the date and court in which Hall was declared an habitual offender and the DMV record which included a copy of the habitual offender order were hearsay because they were written documents offered to prove the truth of the matters asserted therein. Thus, the DMV transcript and record containing the order were inadmissible unless they came within a recognized hearsay exception.

■ The information contained in the DMV transcript and the DMV records, consisting of the habitual offender order that showed that Hall had been adjudicated an habitual offender on May 10, 1988, that the order had been served on him by the sheriff, and that he continued in that status through January 9, 1991, were admissible under the official documents exception to the hearsay rule. *See Frye v. Commonwealth*, 231 Va. 370, 387, 345 S.E.2d 267, 279 (1986); *Tickel v. Commonwealth*, 11 Va. App. 558, 567-68, 400 S.E.2d 534, 539-40 (1991). The official documents exception permits the introduction into evidence of the facts contained in documents or entries made by public officials that the officials were required by law or by the nature of their offices to prepare or record without requiring the preparer to be present or to testify. *Tickel*, 11 Va. App. at 566, 400 S.E.2d at 539. "[T]he document [must] relate[] facts or events within the personal knowledge and observation of the recording official to which he could testify should he be called as a witness." *Id.* (quoting *Williams v. Commonwealth*,

213 Va. 45, 46, 189 S.E.2d 378, 379 (1972) (per curiam)). As we said in *Ingram*:

> The underlying rationale which justifies admitting facts contained in official records as an exception to the hearsay rule is that the concern for reliability is largely obviated because the nature and source of the evidence enhance the prospect of its trustworthiness. *See* Advisory Committee Note, Federal Rules of Evidence for United States Courts and Magistrates, 56 F.R.D. 181, 311 (1972) ("Justification for the exception [Rule 803(8)—Public Records and Reports] is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record.") . . . .
>
> The Commissioner of the Division of Motor Vehicles is a public official charged with the responsibility of administering the powers and duties of the Division, which include the issuance, suspension and revocation of operators' and chauffeurs' licenses. Code § 46.1-25. The Commissioner is charged with the duty of receiving and maintaining accurate records of specified motor vehicle related convictions, findings of not innocent in the cases of juveniles, and every bond forfeiture in motor vehicle cases from every district and circuit court in the Commonwealth. Code § 46.1-413. The Commissioner has the statutory responsibility of revoking or suspending the privilege and license of a driver upon receipt of a transcript of conviction or finding of not innocent in the case of a juvenile of certain motor vehicle offenses. Code § 46.1-417.

*Ingram*, 1 Va. App. at 338-39, 338 S.E.2d at 658-59. The judge who declared Hall to be an habitual offender is not the only individual with personal knowledge of that fact. The habitual offender order "become[s] a part of the permanent records of the Department," Code § 46.2-355, and the Commissioner is the public official charged with the responsibility of licensing and revoking and suspending licenses of motor vehicle operators in Virginia. "Clearly, the DMV records [including the transcript and order declaring Hall to be an habitual offender] fall within the scope of [the official documents] exception." *Frye v. Commonwealth*, 231 Va. at 387, 345 S.E.2d at 279.

Finally, we consider whether the evidence was sufficient to sustain Hall's conviction under Code § 46.2-357 for operating a motor vehicle

in the Commonwealth while the habitual offender order prohibiting such operation remained in effect. The Commonwealth had to prove beyond a reasonable doubt (1) that Hall was driving a motor vehicle in the Commonwealth (2) while an order adjudicating him to be an habitual offender and prohibiting him from driving was in effect. Code § 46.2-357. Hall concedes that he was operating a motor vehicle in the Commonwealth at the time he was arrested. Hall's argument that the evidence was insufficient rests primarily upon his contention, which we have now resolved against him, that the DMV transcript and records containing the habitual offender order were inadmissible hearsay. The DMV transcript and order were admissible to prove the truth of the facts contained. They proved that Hall had been adjudicated an habitual offender on May 10, 1988, that his driving privileges had been suspended indefinitely, and that no change in his driving status had occurred as of January 9, 1991, two months after the date of the offense. Although the Commonwealth purported to offer the copy of the order for the sole purpose of proving that Hall had notice that he had been declared an habitual offender, the trial court was not precluded from considering the order for its entire evidentiary value. Accordingly, the evidence was sufficient to support Hall's conviction.

*Affirmed.*

Moon, J., and Elder, J., concurred.