**Alexandria**

TERRY FREEMAN SMOOT, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0523-93-4

Decided June 28, 1994

COUNSEL

D. Scott Bailey (Stephens, Boatwright & Howard, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

FITZPATRICK, J.—On appeal from his conviction of driving after having been adjudicated an habitual offender, Terry Freeman Smoot, Jr. (appellant) contends his conviction should be reversed because the trial court erred by: (1) admitting into evidence testimony and two computer print-outs regarding appellant's driver's license status contained in the Virginia Criminal Information System (VCIN) and the Department of Motor Vehicles (DMV); and (2) overruling appellant's objection to jury instruction number three, which did not include an instruction regarding actual notice, an essential element of the crime. Finding no reversible error, we affirm the decision of the trial court.

## BACKGROUND

On February 21, 1992, appellant received personal service of a show cause order demanding that he appear before the Circuit Court of Fauquier County to show cause why he should not be adjudicated an habitual offender. Code § 46.2-354. On March 27, 1992, the Circuit Court of Fauquier County adjudged appellant an habitual offender pursuant to Code § 46.2-355 and ordered him not to operate a motor vehicle in the Commonwealth for a period of ten years. On April 4, 1992, appellant was served "in person" with a copy of the habitual offender order.

The evidence, construed in the light most favorable to the Commonwealth, proved that on June 18, 1992, appellant operated a motor vehicle in Prince William County. When appellant was subsequently questioned by the police, he admitted that his driver's license was "suspended." Officer Gregory Smith of the Prince William County Police Department ran a computer check of appellant's driving status through VCIN and discovered that appellant had been adjudicated an habitual offender.

At trial, appellant objected on hearsay grounds to the admissibility of the results of the VCIN and DMV computer searches. The trial court found that Officer Smith's testimony and the computer print-outs containing appellant's driver's license status were admissible under the "business records" exception. Officer Smith testified that the computer records he obtained showed that "Terry Freeman Smoot" had the same date of birth and social security number as appellant, and had been adjudicated an habitual offender in Fauquier County. Appellant also objected to the admissibility of a certified copy of the rule to show cause and the certified habitual offender order because these documents pertained to "Terry Freeman Smoot" and, allegedly, not to appellant, Terry Freeman Smoot, Jr. Appellant's DMV license record indicates that he was declared an habitual offender in Fauquier County on March 27, 1992.

Appellant testified that he received papers from the Sheriff's office on February 21, 1992, but he claimed that he never read them. In addition, appellant admitted that he personally received papers from a deputy sheriff on April 8, 1992, but claimed he was unaware of the nature of these papers.

## COMPUTER GENERATED DRIVING RECORD

Appellant contends that the VCIN and DMV computer print-outs were inadmissible hearsay and that the Commonwealth did not lay a proper foundation to establish either a "business records" or an "official documents" exception to the hearsay rule.

■ "It is a generally recognized rule that records and reports prepared by public officials pursuant to a duty imposed by statute, or required by the nature of their offices, are admissible as proof of the facts stated therein." *Williams v. Commonwealth*, 213 Va. 45, 46, 189 S.E.2d 378, 379 (1972). In *Ingram v. Commonwealth*, 1 Va. App. 335, 338 S.E.2d 657 (1986), we held that the official records of the Division of Motor Vehicles were admissible as an exception to the hearsay rule "if the document 'relates facts or events within the personal knowledge and observation of the recording official to which he could testify should he be called as a witness.'" *Id.* at 339, 338 S.E.2d at 658; *see also Hall v. Commonwealth*, 15 Va. App. 170, 421 S.E.2d 887 (1992) (court order reflecting habitual offender adjudication recorded by DMV on an operator's driving record admissible).

■ In Virginia, "[t]he official records exception allows the admission of certain official public documents, without the necessity of producing the record keeper, so long as the keeper or entrant had personal knowledge contained in those records and could be called to testify regarding them." *Hooker v. Commonwealth*, 14 Va. App. 454, 456, 418 S.E.2d 343, 344 (1992). Appellant argues that the DMV record in this case does not fall within the exception, because the Commissioner of the Department of Motor Vehicles would have no personal knowledge of appellant's habitual offender adjudication. We conclude, however, that appellant has misconstrued the "personal knowledge" requirement of the official records exception.

The evidence proves that "Terry Freeman Smoot" was adjudicated an habitual offender on March 27, 1992, by the Circuit Court of Fauquier County. Code § 46.2-355 provides that when a person has been adjudicated an habitual offender the "clerk of the court shall file with [DMV] a copy of the order which shall become a part of the permanent records of [DMV]." The statutory scheme for the enforcement of the habitual offender act, Code § 46.2-351 *et seq.*, requires that court officials and the Commissioner of the Department of Motor Vehicles exchange information regarding operators' driving records.

> "There is a presumption that public officers have properly discharged their duties and faithfully performed those matters with which they are charged." The Commissioner of the Department of Motor Vehicles is presumed to have kept accurate records. We must presume that the DMV performed its statutory duties by accurately entering into [appellant's] driving record the information from the original documents which it received.

*Commonwealth v. Dalton*, 11 Va. App. 620, 623, 400 S.E.2d 801, 803 (1991) (citations omitted).

Applying this standard to the case at bar, the personal knowledge requirement of the official documents exception is satisfied by the statutory duties imposed on the clerk of the court to file with DMV a copy of the habitual offender order, and the duties imposed on the Commissioner of the Department of Motor Vehicles to maintain such orders as permanent records of DMV. These

public officials could have been called to testify in the trial court that they properly performed their duties and that the records are accurate. In addition, the copy of the actual court order adjudicating "Terry Freeman Smoot" an habitual offender which was admitted into evidence verified the accuracy of the information contained in the DMV record. Therefore, as we held in *Hall*, " 'the DMV records [including the transcript and order declaring [appellant] to be an habitual offender] fall within the scope of [the official documents] exception.' " *Hall*, 15 Va. App. at 176, 421 S.E.2d at 891 (quoting *Frye v. Commonwealth*, 231 Va. 370, 387, 345 S.E.2d 267, 279 (1986)).

Appellant also contends that the trial court erred in admitting the computer print-out from VCIN. The record shows that the VCIN print-out contains the identical information as the DMV record, which was properly admitted into evidence. Accordingly, assuming but not deciding, that the VCIN print-out was hearsay that did not fall within the official records exception, the admission of such evidence was harmless, because the same information was properly before the fact finder by virtue of other evidence. *See West v. Commonwealth*, 12 Va. App. 906, 911, 407 S.E.2d 22, 25 (1991); *see also Hopkins v. Commonwealth*, 230 Va. 280, 286, 337 S.E.2d 264, 268-69 (1985), *cert. denied*, 475 U.S. 1098 (1986) (holding that erroneously admitted evidence may be harmless when it tends to prove a fact proven by other independently derived evidence).

## INSTRUCTION OF THE JURY

We next address appellant's argument that the trial court erred in overruling appellant's objection to jury instruction number three, which did not include an instruction regarding actual notice, an essential element of the crime. *See Reed v. Commonwealth*, 15 Va. App. 467, 471, 424 S.E.2d 718, 720 (1992).

Appellant testified that he personally received papers from the sheriff's office. In addition, the sheriff's return of service attached to the habitual offender order indicates that "personal service" was effected. Personal service satisfies the requirement of actual notice. Appellant's failure to read these papers or to ascertain their content does not nullify the fact that he received actual notice. There was no evidence presented at trial to contradict the

Commonwealth's evidence that appellant was served in person with the order adjudicating him an habitual offender. Accordingly, although the trial court erred in not instructing the jury as to the actual notice element of the offense charged, the evidence of such actual notice was so overwhelming that the jury could not have found otherwise.

In Virginia, non-constitutional error is harmless "[w]hen it *plainly appears* from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678 (emphasis added). "[A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict. Consequently, under Code § 8.01-678, a criminal conviction must be reversed unless "it plainly appears from the record and the evidence given at the trial that" the error did not affect the verdict. An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

*Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). Here, the evidence was clear and undisputed that appellant was served with the rule to show cause and the habitual offender order, and no evidence was presented that could properly be considered as contrary to the Commonwealth's evidence of actual notice.

This is not a case where the jury could believe the accused's exculpatory evidence and still have convicted him because of improper instruction. *See Campbell v. Commonwealth*, 14 Va. App. 988, 992-93, 421 S.E.2d 652, 655 (1992), *aff'd*, 246 Va. 174, 431 S.E.2d 648 (1993); *Morse v. Commonwealth*, 17 Va. App. 627, 636-37, 440 S.E.2d 145, 151 (1994); *Shifflett v. Commonwealth*, 221 Va. 191, 194, 269 S.E.2d 353, 355 (1980). "In this context, it is clear that the error in the jury instruction[s] was not material because it did not affect the outcome of the trial. While error, it was harmless." *Phoung v. Commonwealth*, 15 Va. App. 457,

466, 424 S.E.2d 712, 717 (1992); *see also Oliver v. Commonwealth*, 151 Va. 533, 541, 145 S.E.2d 307, 309 (1928).

For the reasons set forth above, we affirm the conviction.

*Affirmed.*

Coleman, J., and Duff, S.J., concurred.