COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


JERMAINE B. JONES

MEMORANDUM OPINION[*] BY
v.          Record No. 1947-95-1          JUDGE RICHARD S. BRAY
NOVEMBER 5, 1996
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Verbena M. Askew, Judge

Timothy S. Fisher (Overman, Cowardin &
Martin, P.L.C., on brief), for appellant.

Michael T. Judge, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Jermaine B. Jones (defendant) was convicted by a jury for

second degree murder and the related use of a firearm, violations

of Code §§ 18.2-32 and 18.2-53.1, respectively. On appeal, he

complains that the trial court improperly instructed the jury

with respect to inconsistent verdicts and erroneously denied his

attendant motion for a mistrial. Although we agree that the

disputed instruction was not correct, the error was harmless.

Accordingly, we affirm the convictions.

The parties are fully conversant with the record, and we

recite only those facts necessary to a resolution of the issues

on appeal.

The relevant procedural history is uncontroverted. The

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

trial court first properly instructed the jury that conviction for a violation of Code § 18.2-53.1 necessitated proof that a firearm was used in the commission or attempted commission of murder. However, following closing arguments, the court further instructed the jury, sua sponte, that "[i]f [you] determine that the Defendant is guilty of voluntary manslaughter, you may also find [him] guilty of use of a firearm during the commission of a murder." Although such inconsistent verdicts do not provide grounds for reversal on appeal, see Wolfe v. Commonwealth, 6 Va. App. 640, 649-50, 371 S.E.2d 314, 319-20 (1988), the trial court has an "affirmative duty" to properly instruct a jury on a "principle of law . . . vital to a defendant." Johnson v. Commonwealth, 20 Va. App. 547, 553-54, 458 S.E.2d 599, 602 (1995) (quoting Jiminez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991)). Nevertheless, we find that the erroneous instruction was harmless in this instance.[1]

"The United States Supreme Court has repeatedly stated that harmless error analysis is appropriate in the context of improper jury instructions." Kil v. Commonwealth, 12 Va. App. 802, 812, 407 S.E.2d 674, 679-80 (1991).

> In Virginia, non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678 (emphasis added).

---

[1]In addressing this issue, we assume, without deciding, that defendant's mistrial motion was timely. See Cheng v. Commonwealth, 240 Va. 26, 393 S.E.2d 599 (1990).

> "[A] fair trial on the merits and
> substantial justice" are not achieved if an
> error at trial has affected the verdict.
> Consequently, under Code § 8.01-678, a
> criminal conviction must be reversed unless
> "it plainly appears from the record and the
> evidence given at the trial that" the error
> did not affect the verdict.  An error does
> not affect a verdict if a reviewing court can
> conclude, without usurping the jury's
> fact-finding function, that, had the error
> not occurred, the verdict would have been the
> same.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).  Whether an error at trial has affected the verdict necessarily depends on the circumstances of each case. Id. at 1009, 407 S.E.2d at 913.

Here, notwithstanding the erroneous instruction, the jury convicted defendant of a requisite predicate felony, second degree murder, thereby avoiding an inconsistent verdict.  We, therefore, can conclude, without usurping the jury's fact-finding function, that the verdict would have been unchanged had the error not occurred.  See Smoot v. Commonwealth, 18 Va. App. 562, 566-68, 445 S.E.2d 688, 691 (1994) (although jury instruction omitted essential element of crime, error harmless because evidence of such circumstance was uncontradicted in the record); cf. LeVasseur v. Commonwealth, 225 Va. 564, 592 n.3, 304 S.E.2d 644, 659 n.3 (1983), cert. denied, 464 U.S. 1063 (1984) (failure to instruct jury on second degree murder harmless because conviction of capital murder manifested a rejection of second degree murder).

Defendant next contends that the action and attendant remarks of the trial court suggested to the jury that defense counsel had presented either an untruthful or erroneous argument, inviting prejudice to defendant's cause.  However, when defendant requested a mistrial, he addressed only the inconsistent verdict implications of the trial court's error, without mention of any incidental prejudice.  Defendant first raised this issue to the court in additional argument several months after trial.  Thus, defendant did not afford the trial judge an opportunity to remedy any error in a timely fashion.  Because Rule 5A:18 precludes our review of issues not properly raised before the trial court, save for good cause or to attain the ends of justice,[2] this argument was not preserved for appellate review.  See, e.g., Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992).

Accordingly, we affirm the convictions.

Affirmed.

---

[2]Defendant has not argued either the good cause or the ends of justice exceptions to Rule 5A:18, and we do not find either applicable in this instance.