COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Bumgardner
Argued at Salem, Virginia


DENNIS (NMN) GRAVES

MEMORANDUM OPINION[*] BY
v.    Record No. 1316-98-3        JUDGE SAM W. COLEMAN III
                                        JUNE 29, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Thomas S. Leebrick (Thomas S. Leebrick,
P.C., on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General, (Mark L. Earley, Attorney General,
on brief), for appellee.


Dennis Graves was convicted by bench trial for driving after having been declared an habitual offender, second offense.  On appeal, Graves contends that (1) the trial court erred by refusing to consider his motion to suppress a statement allegedly obtained in violation of his Fifth Amendment right against self-incrimination; (2) the trial court erred by admitting a Department of Motor Vehicle (DMV) transcript as proof of his prior adjudication as an habitual offender; and (3) the evidence was insufficient to support the conviction.  Finding no error, we affirm.

---

    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

## BACKGROUND

Officer Taylor observed Graves' car weave a little bit, spin its wheels, and squeal when Graves shifted gears. After the car slid to a stop at a traffic light with its tires again squealing, Taylor activated his lights and pursued the vehicle. Before Taylor overtook the vehicle, Graves stopped and fled on foot. Graves, who was wearing a blue sweatshirt with green sleeves and a black Pittsburgh Steelers cap, ran behind a residence. Officer Taylor lost sight of Graves momentarily but discovered him less than two or three minutes later, lying in the fetal position next to a wood pile in the backyard of the residence. As Officer Taylor approached, he drew his weapon and requested Graves to come out from his hiding area. Graves replied, "You got me. I give up."

Officer Taylor placed Graves under arrest and upon return to the patrol car asked Graves his name, date of birth, and Social Security number. After Taylor called in Graves' name and date of birth, the dispatcher informed Taylor that Graves' license had been revoked based upon an habitual offender adjudication. Taylor asked Graves about his driver's license status, to which Graves admitted "he was an habitual offender since high school." Graves denies having made this statement and testified at trial that what he said in response to Taylor's question was that he was an habitual offender "when [he] was in high school."

-

When Officer Taylor testified that Graves admitted he had been an habitual offender since high school, defense counsel objected on the ground that Taylor had obtained the statement as the result of a custodial interrogation without having first advised Graves of the Miranda warnings.  Responding to the objection, the Commonwealth's attorney pointed out that Graves was required to have filed a pretrial motion at least seven days before trial in compliance with Code § 19.2-266.2 to suppress the statement at issue.  At trial, defense counsel did not state a reason for not having filed a pretrial suppression motion and the trial court overruled Graves' objection.

## ANALYSIS

The trial court did not err in refusing to hear Graves' objection because Graves neither complied with the pretrial filing requirements of Code § 19.2-266.2, nor presented any reason or justification to the trial court as to what "good cause" existed for his not having the motion timely heard pretrial, or why "in the interest of justice," it was necessary to hear the motion at trial.  Furthermore, the court did not err by admitting the DMV transcript.  Finally, we find the evidence is sufficient to prove that Graves had notice of his prior adjudication as an habitual offender and is sufficient to support the conviction for driving after having been declared an habitual offender, second offense.

Code § 19.2-266.2 provides that motions to suppress statements obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination shall be made prior to trial:

> Defense motions or objections seeking (i) suppression of evidence on that grounds that such evidence was obtained in violation of the provisions of the Fourth, Fifth or Sixth Amendments . . . shall be raised by motion or objection, in writing, before trial.  The motions or objections shall be filed and notice given to opposing counsel not later than seven days before trial. . . .  The court may, however, for good cause shown and in the interests of justice, permit the motions or objections to be raised at a later time.

Code § 19.2-266.2; see also Rule 3A:19(d) (stating that "for good cause shown," the trial court can hear motions barred by failure to file pretrial).

Graves concedes that Code § 19.2-266.2 applies to his motion, but argues that the trial court abused its discretion by refusing to consider his motion to suppress for "good cause shown and in the interests of justice."  We disagree.  After Graves objected to the admissibility of his statement, the Commonwealth argued that the objection was not timely.  The trial court overruled the objection and refused to hear the suppression motion.  Graves offered no explanation for his failure to move for the statement's suppression pretrial.  Nor did Graves argue that hearing his motion at trial was necessary to attain the ends of justice.  Where a defendant moves to suppress a statement for the first time at trial, if the

-

defendant offers no "good cause" for hearing the otherwise barred motion, nor presents any basis to support a finding that the "interests of justice" demand that the motion be heard, a trial court does not abuse its discretion by refusing to hear the objection. Although Graves' argument on appeal sets forth justification for his failure to raise the motion pretrial, the trial court had no opportunity to consider those arguments and we decline to consider them here for the first time. See Rule 5A:18. Accordingly, we find that the trial court did not abuse its discretion by refusing to hear Graves' untimely motion to suppress.

We find that the trial court did not err in admitting Graves' DMV transcript indicating he had been declared to be an habitual offender on June 10, 1997. See Smoot v. Commonwealth, 18 Va. App. 562, 564-65, 445 S.E.2d 688, 690 (1994). However, the transcript indicated that the order adjudicating Graves an habitual offender was "not accepted by addressee." Therefore, the transcript, although admissible, was insufficient to prove Graves had the requisite notice that he had been declared to be an habitual offender on June 10, 1997. See Reed v. Commonwealth, 15 Va. App. 467, 472-73, 424 S.E.2d 718, 720-21 (1992) (requiring defendant have actual knowledge of having been declared an habitual offender to convict for driving after having been adjudicated an habitual offender); Bibb v. Commonwealth, 212 Va. 249, 250, 183 S.E.2d 732, 733 (1971) (finding that where notice of suspension was sent to

-

defendant's last known address but returned unopened, Commonwealth cannot rely on statutory presumption that defendant had notice of suspension).

Despite the inadequacy of the DMV transcript, we find that the evidence was sufficient to support Graves' conviction. When a defendant challenges the sufficiency of the evidence, we review the facts in the light most favorable to the prevailing party, granting to that party all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). During his arrest, Graves admitted to Officer Taylor that he "had been an habitual offender since high school." His statement is proof of actual notice that he was an habitual offender. Thus, our finding that the DMV transcript was not proof of actual notice does not render the evidence insufficient to support his conviction.

Finally, Officer Taylor's testimony was sufficient to prove that Graves was the operator of the vehicle. The driver wore a Pittsburgh Steelers hat and fled behind a residence. Minutes later, Taylor discovered Graves hiding behind the residence wearing a Pittsburgh Steelers hat. On being discovered, Graves exclaimed, "You got me. I give up." We find the evidence sufficient to prove Graves' identity as the operator of the vehicle.

In conclusion, the trial court did not err by admitting the DMV transcript, but the transcript did not prove Graves had notice

-

of having been declared an habitual offender.  Additionally, the trial court did not err by admitting Graves' inculpatory statement which proved actual notice.  Therefore, because the Commonwealth's evidence was sufficient to prove Graves' identity and guilty knowledge, the evidence was sufficient to support the conviction. Accordingly, we affirm the conviction.

<u>Affirmed.</u>