COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Lemons


LLOYD H. WILLIAMS

MEMORANDUM OPINION*

v.    Record No. 0749-99-2      PER CURIAM
                                OCTOBER 19, 1999

COMMONWEALTH OF VIRGINIA,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. DIANE E. WILSON


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    James F. D'Alton, Jr., Judge

            (William P. Robinson, Jr.; Robinson and
            Anderson, on brief), for appellant.

            (Ashley L. Taylor, Jr., Deputy Attorney
            General; Robert B. Cousins, Jr., Senior
            Assistant Attorney General; Craig M. Burshem,
            Regional Special Counsel; Charles T.
            Baskervill, Part-time Assistant
            Commonwealth's Attorney, on brief), for
            appellee.


     The trial judge ruled that Lloyd H. Williams (appellant) was

in contempt for failure to pay child support arrearages.

Appellant contends on appeal that the evidence was insufficient to

prove contempt.  He also argues that the trial judge erred in

refusing to admit a document into evidence.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the circuit court.  See Rule 5A:27.

### FACTS

By order entered on May 10, 1994, the Juvenile and Domestic Relations District Court of the City of Petersburg ("J & DR court") found appellant to be the father of Katrina S. Wilson. The record indicates that the J & DR court based its finding on blood test results indicating a 99.95% probability that appellant was the father of the child.

The May 10, 1994 J & DR court order further provided that appellant was to pay child support in the amount of $257 per month to the child's mother, Diane E. Wilson, starting on April 1, 1994. Appellant did not appeal this order, nor did he make any child support payments pursuant to the order until October 30, 1997.

On August 29, 1996, the Division of Child Support Enforcement (the "Division") initiated a show cause proceeding in the J & DR court against appellant, requesting that he be found in civil contempt for failure to pay child support.  On September 16, 1997, the J & DR court found appellant in civil contempt of court and established the arrearage at $10,280 plus interest as of September 12, 1997.

Appellant appealed the decision to the trial court.  At the hearing held on December 30, 1998, appellant testified he believed that in either 1980 or 1988 he had attended a proceeding in the J & DR court concerning the issue of paternity

- 2 -

and "[i]t was dismissed.  It was thrown out of court because there wasn't enough evidence."  Appellant then offered into evidence a document ("Appellant's Exhibit 1"), asserting that the document proved the paternity issue was decided by the J & DR court prior to 1994.

Appellant's Exhibit 1 contains a stamp of the Petersburg J & DR court, stating "A COPY: Teste."  It also contains the signature of the clerk of the J & DR court, indicating that it is a certified copy from the J & DR court.  However, the document has no heading, style, or title.  It contains the name of appellant on a line entitled "NAME."  Diane Wilson is listed as "SPOUSE," and Katrina S. Wilson is listed under the heading "CHILDREN."  The document contains a case number.  The date is illegible except for what appears to be the year "-80."  Page two of the document, under the heading of disposition, states:  "Petition denied; def. denied paternity and no other substantial evidence required by VA Law could produce no order of support entered."  Appellant argued that the document established a finding by the J & DR court in 1980 that he was not Katrina Wilson's father and that he, therefore, did not owe child support for Katrina Wilson.  The trial judge refused to admit the document into evidence, finding that the document did not constitute a court order adjudicating paternity.

After hearing oral arguments, on March 9, 1999, the trial judge entered an order finding appellant to be in civil contempt

- 3 -

of court for failure to pay child support in accordance with the May 10, 1994 J & DR court order.

## ANALYSIS

"Willful disobedience to any lawful . . . order of court is contempt and . . . punishable as such."  Board of Supervisors v. Bazile, 195 Va. 739, 745, 80 S.E.2d 566, 571 (1954).  Whether to grant a motion for contempt is a matter left to the discretion of the trial court which will not be reversed on appeal in the absence of an abuse of that discretion.  See Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991).

At the trial court hearing, appellant did not challenge the accuracy or admissibility of the Division's exhibits, including the May 10, 1994 J & DR court order wherein appellant was found to be the father of Katrina Wilson and was ordered to pay child support.  Also without objection from appellant, the Division introduced records indicating that appellant was in arrears for failure to pay child support in the amount of $10,280 plus interest as of September 12, 1997.

Appellant then testified concerning his belief that in 1980 or 1988, the J & DR court had dismissed a paternity suit for insufficient evidence, offering Appellant's Exhibit 1 as proof of this finding.  The trial judge refused to admit Appellant's Exhibit 1, finding that it was not a court order.

The trial judge did not err in refusing to admit the document into evidence for the purpose offered.  Although the

- 4 -

document is stamped with a certification from the J & DR court, the document does not contain a style or heading naming the parties involved or indicating that the document originated in any court or as a result of a court proceeding. Furthermore, the document is not signed by a judge, does not contain a legible date, and is unclear as to what it represents. Therefore, the document was irrelevant because it did not tend to establish the proposition for which it was offered--that is, that the J & DR court adjudicated the issue of paternity sometime in 1980, finding that the evidence was insufficient to establish that appellant is Katrina Wilson's father. "Evidence is admissible if it is both relevant and material." Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). "'Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case.'" Braxton v. Commonwealth, 26 Va. 176, 186, 493 S.E.2d 688, 692 (1997) (quoting Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993)). Cf. Hall v. Commonwealth, 15 Va. App. 170, 175, 421 S.E.2d 887, 890 (1992) ("[A]uthenticating a document . . . does not resolve other obstacles that may prevent the evidence from being admissible."). Accordingly, the trial judge did not abuse his discretion in refusing to admit the document.

Moreover, the trial judge was not required to accept appellant's testimony that he believed he was not obligated to

pay child support.  See Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986).

Thus, the record does not establish that appellant carried his burden of proving that he was justified in failing to comply with the May 10, 1994 order.  See Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991).  When the evidence is viewed in the light of the trial judge's findings, the evidence was sufficient to prove that appellant willfully disobeyed a lawful order of a court.  Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.