COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Annunziata and Agee
Argued at Alexandria, Virginia


DANIEL GEORGE FAHLFEDER

v.     Record No. 2283-00-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE JOHANNA L. FITZPATRICK
JUNE 26, 2001

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Frank A. Hoss, Jr., Judge

(Myron J. Teluk, on brief), for appellant.
Appellant submitting on brief.

H. Elizabeth Shaffer, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief), for
appellee.


Daniel George Fahlfeder (appellant) was convicted in a bench

trial of operating a motor vehicle on the public highways of

Virginia after being declared an habitual offender, in violation

of Code § 46.2-357. On appeal, he contends that (1) the trial

court erred in admitting his DMV record into evidence; and (2) the

evidence was insufficient to convict him. We agree as to the

second issue and reverse and dismiss his conviction.

I.

Under familiar principles of appellate review, we view the

evidence in the light most favorable to the Commonwealth, the

prevailing party below, granting to that evidence all reasonable

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

inferences fairly deducible therefrom.  Sears v. Commonwealth, 29
Va. App. 158, 160, 510 S.E.2d 274, 275 (1999).  The judgment of
the trial court, sitting without a jury, shall not be set aside
unless it is plainly wrong or without evidence to support it.
Code § 8.01-680; see also Sears, 29 Va. App. at 160, 510 S.E.2d at
275.

On January 20, 2000, Officer Howard Michael Perry (Perry) saw
appellant operating a motor vehicle at the intersection of Gabel
Drive and Scott Drive.  Perry followed the vehicle after it
disregarded a stop sign at the intersection and paced the vehicle
at forty miles per hour in a twenty-five mile per hour zone.  When
Perry activated his emergency equipment, the driver accelerated to
fifty miles per hour, turned into a trailer park and abruptly
stopped.  The driver, a man Perry had encountered one week
earlier, jumped out of the car and although Perry ordered him to
stop, ran from the scene.  Perry secured the passengers who were
left in the vehicle, then followed footprints left by the driver
in the snow.  The tracks led directly to appellant's residence.

Perry arrived at the residence within ten minutes of
observing appellant run from the vehicle.  Perry knocked on the
door, and appellant responded.  When appellant opened the door he
was dressed in long underwear, his cheeks were rosy and he was
slightly out of breath.  Appellant gave Perry permission to search
the residence, and Perry found wet clothes, socks and shoes in the

-

washing machine.  There were "shoe size" puddles in the foyer and snow on the tread of the shoes found in the washing machine.

Appellant's girlfriend was in the bedroom in bed.  The other side of the bed was still made.  Appellant denied that the clothes in the washing machine were his.  The door to the residence did not fit the frame properly and appeared to have been broken.

## II.

Appellant first contends the trial court erred in admitting his DMV record because it failed to meet the best evidence rule and was immaterial and irrelevant.  Appellant argues that the best evidence rule required the Commonwealth to produce the original habitual offender order and bars the introduction of the DMV transcript.  We disagree.

The best evidence rule provides, "where the contents of a writing are desired to be proved, the writing [the primary evidence] itself must be produced or its absence sufficiently accounted for before other evidence of its contents can be admitted."  Folson v. Commonwealth, 23 Va. App. 521, 526, 478 S.E.2d 316, 318 (1996) (quoting Butts v. Commonwealth, 145 Va. 800, 816, 133 S.E.2d 764, 769 (1926) (quoting 1 Greenleaf on Evidence 682 (16th ed.))).  Although appellant correctly asserts that Reed v. Commonwealth, 15 Va. App. 467, 471-73, 424 S.E.2d 718, 720-221 (1992), held that the Commonwealth must prove appellant had actual knowledge, not simply constructive knowledge, that he was declared an habitual offender, Reed does not require

-

that the court order be produced to establish appellant's actual knowledge.  We have previously held,

> [a] judgment is the determination by a court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding.  A written order or decree endorsed by the judge is but evidence of what the court has decided. . . . Here, the Commonwealth was not required to prove the contents of a written order reflecting the fact of appellant's conviction.  Rather, it was required to prove the fact of the conviction itself [and that appellant had actual knowledge of his conviction].

Folsom v. Commonwealth, 23 Va. App. 521, 526, 478 S.E.2d 316, 319 (1996) (internal citations omitted).  One manner in which the Commonwealth may prove an accused has been declared an habitual offender, continues in that status, and has knowledge of his status is "to prove through the records of the DMV that [appellant] had been declared an habitual offender" so long as the DMV records are properly authenticated under Code § 46.2-215.[1] Hall v. Commonwealth, 15 Va. App. 170, 173-77, 421 S.E.2d 887, 889-91 (1992); see also Smoot v. Commonwealth, 18 Va. App. 562, 445 S.E.2d 688 (1994).  Thus, we hold the best evidence rule is not applicable to this case and did not bar the introduction of the DMV transcript by the Commonwealth to establish that appellant

---

[1] Appellant does not allege on appeal that the DMV transcript was not properly authenticated.  However, we note that the DMV record was properly authenticated under Code § 46.2-215.

-

had been adjudicated an habitual offender and appellant was aware of that adjudication.

Appellant also contends the DMV transcript was improperly admitted into evidence because it was immaterial and irrelevant to the charges against him. "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). "Evidence is material if it relates to a matter properly at issue." Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). The Commonwealth was required to prove beyond a reasonable doubt that appellant (1) drove a motor vehicle on the highways of the Commonwealth while (2) an order adjudicating him to be an habitual offender revoking his driving privileges was in effect and (3) had actual knowledge that he was adjudicated an habitual offender. See Code § 46.2-357; Hall, 15 Va. App. at 177, 421 S.E.2d at 891; Reed, 15 Va. App. 467, 424 S.E.2d 718.

While the DMV transcript in the instant case contains conflicting information, it is still relevant to the court's determination of whether he had been adjudicated an habitual offender. It shows "*** NOTICE OF SUSPENSION/REVOCATION RECEIVED ***." The transcript indicates appellant was adjudicated an habitual offender on July 22, 1991 and would be "ELIGIBLE TO RESTORE UNDER CURRENT LAW" his driving privileges to a restricted license on July 22, 1994 and to an unrestricted full license on

-

July 22, 1996. There is nothing in the DMV transcript to indicate appellant's habitual offender status was removed by a court order. Thus, the transcript is relevant and material to establish that appellant was adjudicated an habitual offender and to determine whether the order was still in effect on January 20, 2000.

The DMV transcript is also relevant to the court's determination of whether the appellant had actual knowledge of his adjudication. Although the transcript does not indicate whether appellant was present in court on the date of his adjudication, the transcript indicates that appellant was present on March 22, 1996 when he was convicted of "OPERATING AFTER DECLARED HO - FELONY." Therefore, the DMV transcript was both relevant and material to establishing (1) appellant's habitual offender status and (2) his knowledge of the same. Thus, the trial court did not err in admitting appellant's DMV record.

### III.

Appellant also contends that even if admissible, the DMV record, under the facts of this case, was insufficient to convict him of operating a motor vehicle after being declared an habitual offender because the DMV transcript contains conflicting information regarding his habitual offender status and knowledge of that status and it was the only evidence presented. The DMV transcript indicates appellant was adjudicated an habitual offender on July 22, 1991. Appellant's current status was listed as "SUSPEND/HABITUAL OFFENDER." There is no indication in the DMV

-

transcript, nor did appellant proffer any evidence to the trial court that a court had entered an order restoring his driving privileges. See Code § 46.2-356. Thus, the Commonwealth established beyond a reasonable doubt that appellant was adjudicated an habitual offender and had not obtained a court order restoring his privileges. However, our analysis does not end there. Therefore, the only remaining issue is whether appellant had knowledge that he was still an habitual offender on January 20, 2000.

The burden is on the Commonwealth to establish beyond a reasonable doubt that appellant had knowledge that he remained an habitual offender on January 20, 2000. See Reed, 15 Va. App. at 471-73, 424 S.E.2d at 720-221. In the instant case, the Commonwealth's sole evidence regarding appellant's habitual offender status and his knowledge of the same was the DMV transcript. The DMV transcript does not reflect personal receipt of the habitual offender order or physical presence at the hearing adjudicating him an habitual offender. The Commonwealth merely established that appellant was present at a hearing on March, 22, 1996 when he was convicted of "OPERATING AFTER DECLARED HO - FELONY" and thus appellant knew that at some point he was declared an habitual offender. However, the DMV transcript also indicates that appellant was "ELIGIBLE TO RESTORE UNDER CURRENT LAW" to a full license on July 22, 1996. The final entries in the DMV transcript indicate that appellant "*** COMPLETED APPROVED DRIVER

-

EDUCATION COURSE ***" and was issued a current unrestricted driver's license on May 21, 1999. Thus, the DMV transcript indicates that appellant was issued a valid, unrestricted driver's license by the DMV after the date upon which he was eligible to restore his driving privileges. The DMV transcript, the only evidence regarding the status of appellant's driving privileges, was in a state of equipoise on the element of whether appellant knew he was still an habitual offender. The DMV transcript, standing alone, does not prove beyond a reasonable doubt that appellant knew he was still classified as an habitual offender on January 20, 2000 because "[a]s we have stated, the Commonwealth's evidence must be consistent only with the guilt of the accused." Moore v. Commonwealth, 254 Va. 184, 189, 491 S.E.2d 739, 742 (1997) (holding that the Commonwealth has not proved a crime beyond a reasonable doubt when the evidence of guilt is derived from a single source which is in a state of equipoise on an essential element of the crime.) However, in the instant case, the DMV transcript is consistent with the innocence of the accused as the transcript does not establish that appellant received the order declaring him an habitual offender and the transcript indicated that he "COMPLETED APPROVED DRIVER EDUCATION COURSE" and appellant at the time of his arrest possessed a current unrestricted license.

The Commonwealth argues that appellant's flight from Perry was evidence that appellant knew he was still classified as an

-

habitual offender.  While flight can be considered evidence of consciousness of guilt, there is no evidence concerning why appellant fled.  In fact, Perry testified that prior to initiating the traffic stop, appellant ran a stop sign and was speeding.  Thus, appellant's flight could have been for any number of reasons, including an attempt to avoid further traffic tickets for running a stop sign and speeding and does not necessarily indicate appellant knew he was still an habitual offender.  Accordingly, we reverse and dismiss appellant's conviction.

<u>Reversed and dismissed.</u>