COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Kelsey
Argued at Alexandria, Virginia


TROY JACOBS

MEMORANDUM OPINION* BY
v.   Record No. 0874-02-4      JUDGE RUDOLPH BUMGARDNER, III
                                    JULY 8, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Paul F. Sheridan, Judge

Mark S. Thrash for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


A jury convicted Troy Jacobs of three counts of embezzlement. He maintains a properly authenticated record of the Department of Motor Vehicles was inadmissible hearsay. Concluding the trial court properly admitted the record, we affirm the convictions.

The defendant was a restaurant manager with the responsibility of making bank deposits. The embezzlement charges arose from his failure to make three deposits though he made entries to company records that indicated he had personally made the deposits. He recorded that he had made a deposit on

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

May 13, 2000, but the bank record did not reflect a deposit that day.

The bank teller, who knew the defendant, testified that he had not made any deposit on May 13, 2000. The defendant cross-examined her using a photograph taken by the bank's surveillance camera. It showed a man transacting business at the teller's window that morning. At the preliminary hearing, the teller had identified the exhibit as a photograph of the defendant. She conceded her previous statement but recanted that testimony. The teller explained her reasons for concluding she had been wrong and for testifying at trial that the man in the photograph was not the defendant.

A bank investigator retrieved the photograph from the surveillance tapes covering the period when the defendant claimed to have made the deposit. The investigator matched the surveillance photograph to the bank's electronic record of a transaction made by Michael Patrick Walsh. The photograph reflected a check cashing transaction. The investigator presented the bank imaging record of a check cashed by Walsh at 9:56:05 a.m., May 13, 2000. The image of the check showed the check number, and the date and time of the transaction and its validation, all of which corresponded with the bank's electronic journal.

The Commonwealth offered a record from the Department of Motor Vehicles. It consisted of a photograph of a man; the name, "Walsh, Michael, Patrick"; a signature, "M. Walsh"; a customer number, "T69613398"; and a date of issuance. The Commissioner of the Department of Motor Vehicles certified that the single page facsimile transmission was an accurate depiction of the digital image for the "customer" with that number as maintained by the department.

The defendant conceded the DMV record was properly authenticated under Code § 46.2-215, but maintained it was inadmissible hearsay. Assuming the record constituted hearsay in this case, it was properly admissible under the public records exception to the hearsay rule. Ingram v. Commonwealth, 1 Va. App. 335, 338, 338 S.E.2d 657, 658 (1986). See A Guide to Evidence in Virginia Rule 803 (8), 93, 100 (2003).

In Smoot v. Commonwealth, 18 Va. App. 562, 445 S.E.2d 688 (1994), the defendant argued that a DMV record showing his habitual offender adjudication was inadmissible because the Commissioner did not have personal knowledge of his prior adjudication.[1] This Court rejected that argument. Where the

---

[1] "In today's complex world, most governmental officials do not literally have personal knowledge of the facts being recorded. If literally applied, this rule would make almost all public records inadmissible." Charles E. Friend, The Law of Evidence in Virginia § 18-29, at 721 (5th ed. 1999).

Commissioner, who is responsible for maintaining the records, receives data entered by another official, whose duty to record is imposed by law, the "personal knowledge" requirement is satisfied, and the record is admissible.  Id. at 565, 338 S.E.2d at 690.  The entries made by public officials are admissible under the official records exception without the testimony of the recorder.  Hall v. Commonwealth, 15 Va. App. 170, 175, 421 S.E.2d 887, 891 (1992).  The official, who issued the license and entered the data into the department's records, required personal knowledge of the facts; the Commissioner did not.

In this case, the public record contained a picture, a signature, and the number assigned by the Department of Motor Vehicles to that picture and signature.  The recorded image resembled that in the surveillance photograph.  The number and signature matched the driver's license number and the endorsement on the back of the check processed by the bank on May 13, 2000.  The record was admissible as an exception to the hearsay rule, and the trial court properly admitted it.  Accordingly, we affirm the defendant's convictions.

Affirmed.