COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Millette
Argued at Alexandria, Virginia


HSIU TSAI
                                                        OPINION BY
v.        Record No. 1508-07-4                 JUDGE ROBERT P. FRANK
                                                        APRIL 22, 2008
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         Arthur B. Vieregg, Judge

              Andrew T. Elders, Assistant Public Defender (Office of the Public
              Defender, on briefs), for appellant.

              Alice T. Armstrong, Assistant Attorney General II (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


        Hsiu Tsai, appellant, was convicted, by a jury, of disobeying the terms of a protective order

issued pursuant to Code § 16.1-279.1, a Class 1 misdemeanor in violation of Code § 16.1-253.2.

On appeal, she challenges the sufficiency of the evidence, contending the evidence failed to prove

that she had notice of the terms of the protective order.  For the reasons stated, we reverse the

conviction.

                                  BACKGROUND[1]

        The Loudoun County Juvenile & Domestic Relations District Court issued a permanent

protective order pursuant to Code § 16.1-279.1 in favor of Chen Chen against his wife, appellant.

Appellant appealed that order to Loudoun County Circuit Court.  Appellant was present when the

court conducted a hearing on February 13, 2004.  No transcript of the February 13, 2004 hearing

_____

        [1] The underlying facts are provided by a Statement of Facts in lieu of a transcript,
pursuant to Rule 5A:8.

was offered into evidence at appellant's violation trial. Nothing in the record indicates what pronouncements the trial court made at that hearing.

Memorializing the February 13, 2004 hearing, the Loudoun County Circuit Court entered a written protective order on June 16, 2004 stating in part:

> ORDERED that the [appellant] shall have no further contact with [Chen Chen] without any exception; and it is further
>
> ORDERED that the [appellant] shall not go within ¼ mile of [Chen Chen's] residence . . . .

The order was endorsed by counsel for Mr. Chen and endorsed "Seen and Agreed as to form" by Edward J. Regan. The order did not state that Regan represented appellant nor was there any violation trial testimony to that effect.

Mr. Chen, at the violation trial, testified that on February 12, 2005, appellant came to his residence in Fairfax County and repeatedly knocked on his door. After ten to fifteen minutes had passed, Mr. Chen called the police. When the police arrived, appellant was sitting in a car parked in Mr. Chen's driveway. Appellant was then arrested for violating the protective order.

Appellant moved to strike the evidence on the ground that the Commonwealth failed to prove she had knowledge of the terms of the protective order.

Among other instructions, the jury was instructed it must find appellant "knew the terms of the protective order." The jury found appellant guilty of violating the protective order.

This appeal follows.

## ANALYSIS

On appeal, appellant contends that because the evidence failed to prove she had notice of the terms of the protective order, her conviction should be reversed.[2]

---

[2] Appellant does not contest her presence at Chen's home.

Our standard of review is well settled.  When considering the sufficiency of the evidence on appeal, "'[t]he jury's verdict will not be disturbed . . . unless it is plainly wrong or without evidence to support it.'"  Clark v. Commonwealth, 30 Va. App. 406, 410, 517 S.E.2d 260, 261 (1999) (quoting Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988)).

A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006).  We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).  "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"  Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).  Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ.  Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

When a jury decides the case, Code § 8.01-680 requires that we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make.  Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*).  "We let the decision stand unless we conclude no rational juror could have reached that decision."  Id.

The sole question on appeal is whether the evidence was sufficient to prove appellant had knowledge of the terms of the protective order.  The jury was instructed that an element of the offense was appellant's knowledge of the terms of the protective order.  "A jury is presumed to have followed the instructions of the trial court."  Muhammad v. Commonwealth, 269 Va. 451,

524, 619 S.E.2d 16, 58 (2005), cert. denied, 547 U.S. 1136 (2006). In order for the jury to find appellant guilty of violating the protective order, it necessarily found that appellant had knowledge of the terms of that order. Our inquiry, based on our standard of review, is whether evidence supports the jury's factual finding of appellant's knowledge. We find that it does not.

In her brief, appellant acknowledges that if appellant had actual notice of the order, the failure to serve the protective order on her is not fatal.[3] However, she contends the Commonwealth failed to prove notice of any kind. We agree with appellant.

We acknowledge that appellant had notice of the hearing in Loudoun County Circuit Court, and in fact, attended the hearing. However, the Commonwealth presented no evidence of what action the court took at that time concerning the entry of the protective order. The Commonwealth never made the underlying record from Loudoun County Circuit Court a part of its case-in-chief at the violation hearing. From this record it is impossible to determine, without engaging in speculation, what occurred at the Loudoun County hearing on February 13, 2004. See Bibb v. Commonwealth, 212 Va. 249, 183 S.E.2d 732 (1971) (holding that defendant who had attended a hearing regarding driving on a suspended license, but was unaware of the hearing's outcome, lacked the required notice for conviction of driving with a suspended license). Moreover, while there is evidence that Mr. Chen testified as to other incidents of the February 13 hearing, he never testified that Judge Horne verbally ordered appellant to have no further contact with him. In short, the record is void as to any ruling the court made from the bench on February 13, 2004. To find that the Loudoun County Circuit Court verbally prohibited appellant from contact with Mr. Chen is to engage in unauthorized speculation of the facts, and we decline to do so.

---

[3] Code § 16.1-279.1(B) requires the protective order be served on the respondent.

In addition, the order itself bears no indication of service upon appellant. On brief, the Commonwealth argued that the protective order was endorsed by "Edward J. Regan, Esquire" and that notice to counsel was sufficient notice to appellant. Assuming without deciding that Mr. Regan was appellant's counsel at the Loudoun County hearing, we cannot conclude, based upon the facts of this record, that the jury inferred notice to appellant based upon notice to her lawyer. The Supreme Court of Virginia has held that

> "in order to punish a person for contempt for violation of an order, judgment, or decree, it must appear that such order, judgment, or decree has been *personally* served on the one charged, or that he has had *actual* notice of the making of such order or rendition of such judgment or decree."

Calamos v. Commonwealth, 184 Va. 397, 403, 35 S.E.2d 397, 399 (1945) (quoting Kidd v. Virginia Safe Deposit & Trust Corp., 113 Va. 612, 615, 75 S.E. 145, 146 (1912)) (emphasis added).[4] Clearly, notice to a third party is neither personal service nor actual notice for contempt purposes. Moreover, there is no evidence that Attorney Regan communicated the terms of the protective order to appellant.

The Commonwealth next argues that because there is a presumption that public officials will perform their duties in accordance with law, this presumption establishes that the Clerk of Loudoun County Circuit Court timely ensured service of the protective order.[5] The Commonwealth contends that because Code § 16.1-297.1 requires that "[a] copy of the protective order shall be served on the respondent and provided to the petitioner as soon as possible," the jury could presume that such action was taken by the clerk and that appellant

---

[4] While Code § 16.1-253.2 establishes that violation of a protective order, under these facts, is a Class 1 misdemeanor, a violation of a protective order is contempt of court pursuant to Code § 16.1-253.2 and we review contempt cases to determine appropriate notice.

[5] "In the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official duties." Robertson v. Commonwealth, 12 Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991).

received proper legal notice. However, we find nothing in the record to show that the jury was so instructed. Whereas the trial judge is presumed to know the law and apply it correctly to each case, Starks v. Commonwealth, 225 Va. 48, 54, 301 S.E.2d 152, 156 (1983), the purpose of a jury instruction is to inform the jury of the law and to guide their deliberations and verdict. Morgan v. Commonwealth, 50 Va. App. 120, 132, 646 S.E.2d 899, 905 (2007). A jury can only rely upon law provided to them in the jury instructions given by the trial court. Thus, we conclude that absent the instruction that public officers are presumed to have properly discharged their official duties, the jury was not entitled to presume that the Clerk of Court properly served appellant with notice of the protective order.[6]

## CONCLUSION

Upon the facts presented before us, we cannot conclude that the Commonwealth sufficiently proved that appellant had actual notice of the issuance of the protective order against her. Therefore, appellant's conviction is reversed and the warrant is dismissed.

Reversed and dismissed.

---

[6] We express no opinion as to whether this Court would affirm the conviction had the trial court given a jury instruction on the presumption that public officers have properly discharged their official duties.

- 6 -