Present:  Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Russell, S.J.

TONY JERMAINE WALKER

                                      OPINION BY
v.  Record No. 100263    SENIOR JUSTICE CHARLES S. RUSSELL
                                    January 13, 2011
COMMONWEALTH OF VIRGINIA

            FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal from a conviction of grand larceny of an automobile under Code § 18.2-95, the Commonwealth relied on the "blue book" published by the National Automobile Dealer's Association (NADA) to prove that the value of the stolen property exceeded $200.  The dispositive question is whether proof by that method, although expressly authorized by statute, violated the defendant's Sixth Amendment right of confrontation as elucidated in Crawford v. Washington, 541 U.S. 36, 68 (2004), and Melendez-Diaz v. Massachusetts, 557 U.S. ___, ___, 129 S.Ct. 2527, 2531 (2009).

                    Facts and Proceedings.

     On July 7, 2008, Thanh Ngo parked a white 2004 Toyota Sienna van owned by his wife behind a nail salon that he and his wife operated in a shopping mall in the City of Hampton. Ngo testified that the car was "in very good condition" and that there was a bicycle mounted on a rack attached to it. The car was still there at 3:30 p.m. but was gone when Ngo looked for it at 4:00.  At approximately 6:50 p.m., Officer

Matthew Peele of the Hampton Police Division found the vehicle in a ditch. The defendant, Tony Jermaine Walker was slumped over the steering wheel, unconscious. After regaining consciousness, Walker told the officer that he had seen Ngo park the van behind the nail salon and inadvertently drop the keys to the van. Walker told the officer that he picked up the keys and took the van as an act of retaliation. He contended that Ngo had stolen his bike a few days earlier but that he had not reported the theft to the police because he was "keeping it in the streets."

Walker was indicted for grand larceny in the Circuit Court of the City of Hampton. At a bench trial, he was convicted and sentenced to nine years imprisonment with five years suspended on conditions of probation. At trial, the court admitted the NADA "blue book" into evidence as proof that the stolen vehicle had a value in excess of $200. Walker objected on the ground that his counsel could not cross-examine the book and that its admission violated his right to confront the witnesses against him.

Walker appealed to the Court of Appeals, contending that the circuit court erred in admitting the "blue book" into evidence and that without it, there was no proof of value, a requisite element of grand larceny. By memorandum opinion and order entered January 26, 2010, the Court of Appeals affirmed

the conviction, holding that the "blue book" was not testimonial in character and therefore its admission did not violate Walker's constitutional confrontation rights. Walker v. Commonwealth, Record No. 2931-08-1, slip op. at 2-3 (January 26, 2010). We awarded Walker an appeal.

## Analysis

Because Walker's appeal presents a question of law as to the admissibility of evidence, we apply a de novo standard of review. Commonwealth v. Garrett, 276 Va. 590, 599, 667 S.E.2d 739, 744 (2008). Code § 18.2-95 defines grand larceny as "simple larceny not from the person of another of goods and chattels of the value of $200 or more." Therefore the Commonwealth, to prevail in a prosecution for that offense, must prove beyond a reasonable doubt not the exact value of stolen property, but only that its value exceeded the statutory minimum.

Code § 8.01-419.1 provides, in pertinent part:

Whenever in any case not otherwise specifically provided for the value of an automobile is in issue, either civilly or criminally, the tabulated retail values set forth in the National Automobile Dealers' Association (NADA) "yellow" or "black" books or any vehicle valuation service regularly used and recognized in the automobile industry that is in effect on the relevant date, shall be admissible as evidence of fair market value on the relevant date.

Walker argues that the effect of that section, as applied at his trial, was to deny him his right to cross-examine the

3

Commonwealth's witnesses against him on the issue of the van's value. The Commonwealth contends that Walker's confrontation rights were not infringed because the "blue book," unlike certificates of drug or blood alcohol analysis, is a repository of information prepared for general use by the automobile sales industry, not for litigation. The book is neutral, the Commonwealth argues, and not accusatory because it was not designed to prove criminal wrongdoing by Walker or anyone else.[*]

The Supreme Court of the United States, in Crawford and Melendez-Diaz, made it clear that the admission of documentary evidence in lieu of the live testimony of witnesses violates a criminal defendant's confrontation rights under the Sixth Amendment, if the documents are testimonial in nature, because such documents cannot be tested "in the crucible of cross-examination." Crawford, 541 U.S. at 61. On the other hand, the admission of documentary evidence that is not testimonial does not offend the confrontation clause. Business and public records, for example, are not testimonial because they are created for the administration of affairs generally "and not

---

[*] Guides prepared by the NADA are "intended . . . to assess the values of various vehicles." N.A.D.A. Services Corp. v. Business Data of Virginia, Inc., 651 F. Supp. 44, 47 (E.D. Va. 1986).

4

for the purpose of establishing or proving some fact at trial." Melendez-Diaz, 557 U.S. at ___, 129 S.Ct. at 2539-40.

It is most improbable that the compilers of the "blue book" ever heard of Walker or the charges against him and they certainly did not prepare the book for the purpose of assisting the Commonwealth in securing his conviction. We agree with the conclusion reached by the Court of Appeals that the book was not testimonial in character.

Walker also argues on appeal that the circuit court erred in admitting the "blue book" as a business record under the business records exception to the rule against hearsay because the Commonwealth failed to lay the requisite foundation to support that exception. We find no merit in that contention. The Commonwealth did not rely on the business records exception at trial, but rather offered the "blue book" on the sole authority of Code § 8.01-419.1. That statute provided the only foundation necessary.

Walker further argues that the "blue book" did not give the value of the particular vehicle stolen. Instead, the book listed four classes of 2004 Toyota Sienna vans and assigned values to each class. There is no contention that the stolen van fell into some category not listed in the book but Walker contends that its value cannot be ascertained by reference to classes or models. Walker's argument is based on the

5

erroneous premise that the Commonwealth was required to prove the precise value of the stolen property.  As stated above, the Commonwealth's burden was only to prove that its value exceeded $200.  Because all four classes of 2004 Toyota Sienna vans were shown by the book to have values far in excess of that amount, there was credible evidence before the court from which a rational fact-finder could conclude that the Commonwealth had met its burden of proof.

## Conclusion

For the reasons stated, we will affirm the judgment of the Court of Appeals.

<u>Affirmed.</u>