COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, McCullough and Senior Judge Annunziata
Argued at Alexandria, Virginia

JULIAN CARDENAS-NAJARRO

                                      MEMORANDUM OPINION* BY
v.       Record No. 0699-13-4        JUDGE ROSEMARIE ANNUNZIATA
                                        MARCH 4, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Thomas K. Plofchan, Jr. (Lavanya K. Carrithers; Westlake Legal
Group, on briefs), for appellant.

Susan Baumgartner, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


      Julian Cardenas-Najarro, appellant, appeals his conviction of violating the terms of a

preliminary protective order.  Appellant argues the Commonwealth failed to prove he had notice of

the terms of the preliminary protective order and that he intended to violate the terms of the order.

The evidence was sufficient to prove appellant had adequate notice of the terms of the preliminary

protective order and that he intended to violate it.  We affirm the trial court's judgment of

conviction.

Background

      "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987)).  "The credibility of the witnesses and the weight accorded the

---

     * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Viewed in this light, the Commonwealth's evidence proved that on August 30, 2012, Nelly Nunez, appellant's wife, obtained a preliminary protective order against appellant from the juvenile and domestic relations district court. The order prohibited appellant from engaging in acts of family abuse against Nunez; Johan Cardenas, their son; and Miguel Ramos, appellant's stepson. The order directed that appellant have no contact with the family except by telephone with Nunez to "discuss household bills." The same day the order issued, Deputy Zaldua personally served appellant with the preliminary protective order. Nunez did not hear the conversation Zaldua had with appellant outside the house when he served the order. Nunez testified, however, that Zaldua spoke Spanish to her and she heard him tell appellant in Spanish that he had ten minutes to leave the house.

Nunez testified appellant sent her two text messages on September 1, 2012. The first stated, "Hola." The second message was translated to say, "Nelly, please, I want to talk with you and with Johan. You can tell Miguel that I want to apologize for everything as well. I would like to speak with him. Forgive me for what happened to you. You're my family." On September 2, 2012, appellant sent another text message which was translated to say, "Please answer your telephone. I want to speak with him."

Appellant concedes he was personally served with the order and that he sent the text messages. However, appellant testified he speaks and understands very little English. Appellant recounted that Zaldua served the order on him, but Zaldua did not speak fluently in Spanish. Appellant asserted that Zaldua told him only that he had to leave for fifteen days and could not have "face-to-face" contact with Nunez. Appellant stated Zaldua did not tell him he could not contact her by telephone, he did not understand he was not permitted to contact Nunez by telephone, and he did not intend to violate the preliminary protective order by texting her. Although appellant testified to

his understanding of what Zaldua told him, Zaldua's actual statements to appellant were not in evidence.

The trial court noted appellant was able to answer some questions without the assistance of the interpreter. The trial court also emphasized that appellant had been working at the same job for nine years and gave credit to Nunez's testimony that appellant spoke English in the course of his employment. The trial court accepted Nunez's assertion that appellant spoke better English than she spoke. Finally, the trial court gave weight to Nunez's account that Zaldua spoke in Spanish, thereby discounting appellant's claim that Zaldua did not speak fluently. Reviewing all the evidence before it, the trial court found it sufficient to prove appellant violated the terms of the preliminary protective order.

Procedural Default

The Commonwealth contends appellant's assignment of error does not comply with the requirements of Rule 5A:20(c) because Rule 5A:12(c)(1) requires the assignment of error "to list, clearly and concisely and without extraneous argument, the specific error in the ruling below upon which the party intends to rely." The Commonwealth argues appellant's assignment of error does not include the arguments he makes on brief. Appellant's assignment of error reads as follows:

> The trial court denied Mr. Cardenas due process of law by determining there was sufficient evidence to prove [he] violated a preliminary protective order beyond a reasonable doubt based on (a) inconsistent testimony and uncorroborated evidence from the complainant, who also does not read, write, or speak English, regarding Mr. Cardenas' ability to communicate in English; (b) evidence that Mr. Cardenas was served with the preliminary protective order but not evidence that he was explained the terms of the order in his native tongue; and (c) evidence of the text message that was sent from his cell phone.

Appellant's arguments in support of this assignment of error are that (1) he did not receive sufficient notice of the terms of the protective order because the officer did not explain the terms to him in Spanish and (2) because he did not have notice of the terms, he did not intend to violate the terms of

- 3 -

the preliminary protective order. The assignment of error does not encompass the argument regarding appellant's intent to violate the order, but does suggest the notice argument in subsection (b).

"Rule 5A:12 applies *only* to petitions for appeal. Rule 5A:12 does not apply to opening briefs, which are filed once a petition for appeal has been granted by this Court. The requirements for opening briefs are set out in Rule 5A:20." Calloway v. Commonwealth, 62 Va. App. 253, 258, 746 S.E.2d 72, 74-75 (2013). Rule 5A:20 requires only that the brief contain an assignment of error, without qualification or description as to what the assignment of error must contain. "[I]f the Commonwealth seeks to challenge the sufficiency of an assignment of error under Rule 5A:12, it must do so prior to the granting of the petition for appeal. . . . Compliance with Rule 5A:12(c)(1) is subject to waiver if not timely raised." Id. at 259, 746 S.E.2d at 75 (footnote omitted). The Commonwealth did not file a brief in opposition at the petition stage and, thus, did not raise the objection to the assignment of error. "The Commonwealth's failure to object to the sufficiency of the assignment of error under Rule 5A:12 prior to the granting of the petition for appeal will be considered a waiver of that objection." Id. (footnote omitted).

However, the assignment of error must alert the Court to the specific issue being raised.

> A properly crafted assignment of error will "point out the specific errors claimed to have been committed by the court below." First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 341, 56 S.E. 158, 163 (1907) (citation omitted). Such specificity "enable[s] the reviewing court and opposing counsel to see on what points plaintiff's counsel intends to ask a reversal of the judgment or decree, and to limit discussion to those points." Id.

Whitt v. Commonwealth, 61 Va. App. 637, 646-47, 739 S.E.2d 254, 259 (2013) (en banc). Appellant's assignment of error does not address the argument that appellant did not intend to violate the order. Therefore, we analyze only the intent argument to the extent that appellant's intent is established by the sufficiency of the notice he received.

Further, appellant assigns error to the sufficiency of the evidence based on inconsistent and uncorroborated evidence of the complainant, subsection (a), and the text messages he sent, subsection (c). Appellant presented no argument or authority in support of these contentions and, thus, appellant has abandoned these arguments on brief. See Rule 5A:20(e) (requiring the opening brief of appellant to contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error"); see also Farmer v. Commonwealth, 62 Va. App. 285, 295-96, 746 S.E.2d 504, 509 (2013); Epps v. Commonwealth, 59 Va. App. 71, 77 n.6, 717 S.E.2d 151, 154 n.6 (2011); Atkins v. Commonwealth, 57 Va. App. 2, 20, 698 S.E.2d 249, 258 (2010). Thus, we decline to review these issues assigned as error.

Notice of the Order

Appellant contends the Commonwealth failed to prove he had notice of the terms of the preliminary protective order because Zaldua did not explain the order to him in Spanish. Code § 16.1-253.1(A) allows the juvenile and domestic relations district court to "issue a preliminary protective order against an allegedly abusing person in order to protect the health and safety of the petitioner or any family or household member of the petitioner." Code § 16.1-253.1(B) directs that "the order shall be served forthwith on the allegedly abusing person *in person* as provided in § 16.1-264 . . . ." (Emphasis added.)

> In order to hold a litigant in contempt for violation of a court order, the litigant must have knowledge of the terms of the order. See Tsai v. Commonwealth, 51 Va. App. 649, 653, 659 S.E.2d 594, 596 (2008) (holding that a court may not hold a person in contempt when that person never received "notice of any kind" of an order); see also Calamos v. Commonwealth, 184 Va. 397, 406, 35 S.E.2d 397, 400 (1945) ("Since the evidence fails to show that [the plaintiff] had actual knowledge or notice of the . . . order . . . the court erred in holding him (the plaintiff in error) in contempt for violating such order.").

Zedan v. Westheim, 60 Va. App. 556, 574, 729 S.E.2d 785, 794 (2012).

Appellant concedes, and the record reflects, he received personal service of the order. Zaldua noted on the order's return that he personally served appellant on August 30, 2012, at 3:25 p.m. The order clearly stated appellant could have no contact with the family members, except by telephone with Nunez to discuss household bills. Once an order is served on a litigant, the litigant is deemed to have notice of the document or proceeding. "Personal service satisfies [a] requirement of actual notice. Appellant's failure to read the papers or to ascertain their content does not nullify the fact that he received actual notice." Smoot v. Commonwealth, 18 Va. App. 562, 566, 445 S.E.2d 688, 691 (1994) (personal service of habitual offender order deemed actual notice, despite Smoot's claim he never read or determined contents of the order). Thus, the Commonwealth met its burden in proving appellant had notice of the order.

Appellant further argues, however, that when he was served with the order the officer did not "explain[] the terms of the order in his native tongue." Appellant cites no authority, and we find none to say, that the process server must explain the document to the recipient in order for him to have knowledge of the terms of the order. Appellant's reliance on Tsai, 51 Va. App. at 653, 659 S.E.2d at 596, is misplaced. In Tsai, the Court found Tsai did not have knowledge of the terms of the order because there was no evidence it had ever been served on her. Thus, she did not have notice of any kind, personal or otherwise, of the terms of the order.

Here, appellant received personal service and, thus, is charged with notice of the contents of the order. It is well settled that "[a] court speaks through its orders . . . ." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). Neither Code § 16.1-253.1 nor § 16.1-264 requires the process server to explain or interpret the order being served. If the litigant is properly served, it is incumbent upon the recipient to learn the import of the order. See Smoot, 18 Va. App. at 566, 445 S.E.2d at 691. The trial court did not err by finding appellant had proper personal service and notice of the terms of the order.

- 6 -

<u>Intent to Violate the Preliminary Protective Order</u>

Prohibited acts of contact in protective orders "are intentional acts . . . that intentionally pierce the protective barrier between the petitioner and the respondent fashioned by the protective order." <u>Elliott v. Commonwealth</u>, 277 Va. 457, 464, 675 S.E.2d 178, 182 (2009). Having found that appellant had notice of the terms of the order, the trial court rejected appellant's evidence that he did not understand English sufficiently and that he thought he was prohibited only from having "face-to-face" contact with family members. The trier of fact is not required to accept a party's evidence in its entirety, <u>Barrett v. Commonwealth</u>, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness, <u>Rollston v. Commonwealth</u>, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). At trial, appellant was able to respond at times without the help of the interpreter and there was evidence that he used English in his employment of nine years. Nunez also testified that Zaldua spoke Spanish. The trial court reasonably could rely on this evidence to determine that appellant had sufficient understanding to recognize he was violating the terms of the order.

Appellant had notice of the terms of the preliminary protective order. Appellant admitted sending the text messages, an intentional act of contact with Nunez. The evidence adduced at trial supports the trial court's finding that appellant intended to violate the order.

<u>Conclusion</u>

The evidence proved that after proper service of the order prohibiting contact, appellant sent three text messages to Nunez, not for the purpose of discussing household bills. Based on the return of personal service, appellant had notice of the terms of the order and he acted intentionally in violation of those terms. Accordingly, the evidence was sufficient to find beyond a reasonable

doubt that appellant violated the preliminary protective order.  We affirm the judgment of the trial

court.

<u>Affirmed.</u>
