UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Alston, Huff and Chafin
Argued at Alexandria, Virginia


MIRGAZY KOROSHEV

MEMORANDUM OPINION[*] BY
v.       Record No. 1235-13-4                    JUDGE TERESA M. CHAFIN
                                                 NOVEMBER 12, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jan L. Brodie, Judge

Kathryn C. Donoghue, Assistant Public Defender (Office of the
Public Defender, on briefs), for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


On December 13, 2012, the Juvenile and Domestic Relations District Court of Fairfax

County ("JDR court") entered a preliminary protective order prohibiting Mirgazy Koroshev

("appellant") from having further contact with his wife, Djamilya Salieva, and their children. On

December 28, 2012, the JDR court held a hearing and entered an order entitled "Preliminary

Protective Order – Family Abuse" and checked the box entitled "Extension of Preliminary

Protective Order." Handwritten notations on the order indicated that Salieva, Salieva's counsel,

appellant, and a Russian interpreter were present. The second page of the order provided that the

matter was continued to January 23, 2013 and that the preliminary protective order was extended

"upon motion of Respondent and for good cause shown. [T]o retain attorney." Under the

judge's signature, the order stated that the clerk was to arrange for a Russian interpreter and that

the parties were noticed to appear. The third page of the order labeled "Returns" provided that

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

C.D. Rudolph with the Fairfax County Sheriff's Department personally served appellant with the order at 11:40 a.m. on December 28, 2012. On January 4, 2013, appellant was arrested for violating the protective order.

A jury convicted appellant of violating a protective order in violation of Code § 16.1-253.2. On appeal, appellant argues that the trial court erred in (1) admitting the December 28, 2012 preliminary protective order because it was void *ab initio*; (2) admitting the December 28, 2012 order because it violated appellant's Sixth Amendment confrontation rights; (3) denying appellant's motion to strike and renewed motion to strike because the evidence was insufficient to prove beyond a reasonable doubt that appellant had actual notice of the terms and conditions of the protective order; and (4) in informing the jury, in response to their question, that "[s]ervice of the protective order is actual service" because this response was "misleading and inaccurate." For the reasons that follow, we affirm the decision of the trial court.

## I. Authority to Enter the December 28, 2012 Order

Appellant maintains that the trial court erred in admitting into evidence the December 28, 2012 preliminary protective order because the order was void as the JDR court lacked statutory authority to enter the order. Appellant contends the plain language of Code § 16.1-253.1(B) authorized the extension of a preliminary order in the event he was not served, but, because he was present and served, the JDR court lacked the statutory authority to enter an extension of the December 13, 2012 order.[1]

Code § 16.1-253.1(B) provides in part:

> The preliminary order shall specify a date for the full hearing. The hearing shall be held within 15 days of the issuance of the preliminary order. If the respondent fails to appear at this hearing because the respondent was not personally served, or if personally served was incarcerated and not transported to the hearing, the court may extend the protective order for a period not to exceed six

---

[1] At appellant's trial, the December 13, 2012 order was not introduced into evidence.

- 2 -

months. The extended protective order shall be served forthwith on the respondent. However, upon motion of the respondent and for good cause shown, the court may continue the hearing. The preliminary order shall remain in effect until the hearing. Upon request after the order is issued, the clerk shall provide the petitioner with a copy of the order and information regarding the date and time of service.

"While penal statutes must be strictly construed against the Commonwealth, 'the plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results.'" Newton v. Commonwealth, 21 Va. App. 86, 89, 462 S.E.2d 117, 119 (1995) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

"[T]o the extent admissibility rests upon the interpretation of a statute, that interpretation is a question of law subject to *de novo* review." Dean v. Commonwealth, 61 Va. App. 209, 213, 734 S.E.2d 673, 675 (2012).

The plain language of Code § 16.1-253.1(B) vests the JDR court with broad discretion including the ability to extend the preliminary protective order or continue the hearing for good cause shown. According to the December 28, 2012 order, appellant appeared at the hearing and the preliminary protective order was extended upon appellant's motion, which was to permit him time to retain an attorney.

"An order is void *ab initio*, meaning it was without effect from the moment it came into existence, if the character of the order is such that the court had no power to render it." Amin v. County of Henrico, 63 Va. App. 203, 209, 755 S.E.2d 482, 485 (2014) (quotation marks and citation omitted). This Court recently held in Amin that a conviction order finding Amin guilty of violating a county ordinance "incorporating Virginia Code § 18.2-308" was void *ab initio* because the county ordinance did not, in fact, incorporate Virginia Code § 18.2-308. Thus, the circuit court did not have the statutory authority to convict Amin of violating a county ordinance

"incorporating Virginia Code § 18.2-308," because that crime does not exist. Id. at 210, 755 S.E.2d at 485.

Similarly, in Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009), the Supreme Court held a sentence imposed in excess of statutory limitations to be void *ab initio* because "the character of the judgment was not such as the court had to enter." The Supreme Court has explained, "the Constitution of Virginia authorized the General Assembly to confer power upon the circuit courts," and, in turn, "[t]he General Assembly prescribed the applicable punishments for criminal offenses." Kelley v. Stamos, 285 Va. 68, 76, 737 S.E.2d 218, 222 (2013). When a circuit court imposes a punishment in excess of that prescribed by statute, its act "exceed[s] the power granted to the circuit court." Id.; see also Burrell v. Commonwealth, 283 Va. 474, 480, 722 S.E.2d 272, 275 (2012) (concluding Code § 19.2-303 did not authorize circuit court to reduce defendant's conviction from a felony to a misdemeanor upon defendant's incarceration and successful completion of probation; order to that effect entered more than five years after sentencing order held void *ab initio*).

In Kelley, 285 Va. at 71, 78, 737 S.E.2d at 219, 223, a general district court did not make a finding of guilt following defendant's guilty plea to driving while intoxicated and, after continuing the case for a period of time, later found the defendant guilty of reckless driving. The Chief Deputy Commonwealth's Attorney for Arlington County argued that convicting the defendant of a crime for which he was not charged, and which is not a lesser-included offense, exceeded the general district court's authority and that the conviction order was void *ab initio*. Id. at 74-75, 737 S.E.2d at 221. The Supreme Court disagreed, and concluded that the general district court had the power to do just that under Code § 16.1-129.2. Id. at 78, 737 S.E.2d at 223. As the Supreme Court noted, the plain language of the statute allowed the general district court to amend the warrant if defective, or, if the judge "'sees good reason to believe an offense has

- 4 -

been committed,"' to issue a new warrant. Id. (quoting Code § 16.1-129.2). Therefore, the general district court had the power to amend warrants or issue new warrants, thus changing the charge at issue. Id.

Code § 16.1-253.1(B) vests in the JDR court the authority to, in its discretion, extend a preliminary protective order or, on a party's motion and for good cause shown, continue the hearing. See, e.g., Harper v. Virginia Dep't of Taxation, 250 Va. 184, 194, 462 S.E.2d 892, 898 (1995) (explaining that "the word 'may' is prima facie permissive, importing discretion . . ."). If the hearing is continued, "[t]he preliminary order shall remain in effect until the hearing" by operation of the statute. In this case, the JDR court exercised the discretion vested in it by the statute and granted the defendant's motion to continue the hearing so he could obtain counsel. The JDR court memorialized its exercise of discretion on the form order approved by the Supreme Court of Virginia, by checking the boxes on the form for that purpose, indicating the protective order was extended and the hearing was continued for good cause shown.

Furthermore, as a practical matter, it was necessary for the JDR court to enter the December 28 order to completely adjudicate the matter before it. Because a trial court speaks through its orders, see, e.g., Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 529 (2006), it was necessary for the JDR court to enter an order communicating to appellant and his wife and family members that the order was extended, the hearing was continued to allow the appellant to obtain counsel, and appellant was still to have no contact with his family members. The entry of the December 28 order also triggered notification to law enforcement, so that the order could be efficiently enforced. See Code § 16.1-253.1(B) ("[N]o later than the end of the business day on which the order was issued" the JDR "court shall forthwith . . . enter and transfer electronically to the Virginia Criminal Information Network the respondent's identifying

information and the name, date of birth, sex, and race of each protected person provided to the court.").

To conclude the JDR court did not have power to take these necessary steps under the statute would be an "absurd result" frustrating the practical administration of the JDR court's duties and preventing the JDR court from efficiently continuing preliminary protective order hearings when faced with the exigencies of everyday life, such as misplaced paperwork or incomplete files. Newton, 21 Va. App. at 89, 462 S.E.2d at 119; see also Code § 16.1-227 (It is the intention of Chapter 11, Title 16.1 of the Code of Virginia, "that in all proceedings the welfare of the child and the family, the safety of the community and the protection of the rights of victims are the paramount concerns of the Commonwealth and to the end that these purposes may be attained, the judge shall possess all necessary and incidental powers and authority, whether legal or equitable in their nature.").

By entering the December 28, 2012 order, the JDR court fulfilled its mandate from the General Assembly. Thus, the December 28, 2012 order was not void and the trial court did not err in admitting the order into evidence at appellant's trial.

## II. Right to Confrontation

To convict the defendant of violating a protective order under Code § 16.1-253.2, the Commonwealth was required to prove, inter alia, that the protective order was personally served on the defendant or that the defendant had actual notice "of the making of such order or rendition of such judgment or decree." Tsai v. Commonwealth, 51 Va. App. 649, 654, 659 S.E.2d 594, 596 (2008) (internal quotation marks and citation omitted); see also Code § 16.1-253.1(B) (stating the preliminary protective "order shall be served forthwith on the allegedly abusing person in person as provided in § 16.1-264").

Appellant challenges, on confrontation grounds, the admission into evidence of the December 28, 2012 order, maintaining that he had a right to cross-examine the deputy who personally served him on December 28, 2012 and the Russian interpreter who was present in the JDR court. However, it is clear from the record that appellant had actual notice of the order due to his presence at the hearing on December 28, 2012. The December 28, 2012 order provided that appellant was present at the hearing of Salieva's request for a preliminary protective order and that he communicated his request for a continuance in order to obtain an attorney. The order provided that a Russian interpreter was present at the hearing.[2] Based upon appellant's presence and the Russian interpreter's presence at the hearing on December 28, 2012, appellant had actual notice of the issuance of the preliminary protective order against him.

Even if the evidence had been unclear that appellant had actual notice, the December 28, 2012 order, including the JDR court's handwritten notations and the return of service completed by the deputy, is not testimonial in nature and was therefore admissible.

The Confrontation Clause prevents the admission of hearsay statements that are testimonial in nature. Crawford v. Washington, 541 U.S. 36 (2004). "This guarantee is enforced against the states through the Fourteenth Amendment." Magruder v. Commonwealth, 275 Va. 283, 298, 657 S.E.2d 113, 120 (2008) (citing Pointer v. Texas, 380 U.S. 400, 401 (1965)). However, not all hearsay is testimonial; indeed, business records are not "testimonial." Crawford, 541 U.S. at 56; see also Melendez-Diaz v. Massachusetts, 557 U.S. 305, 324 (2009) ("Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial.").

---

[2] Code § 19.2-164 provides for the appointment of an interpreter "[i]n any criminal case in which a non-English-speaking person is the accused."

In Jasper v. Commonwealth, 49 Va. App. 749, 644 S.E.2d 406 (2007), this Court upheld the admission into evidence of a defendant's DMV driving transcript to prove the defendant's operator's license had been revoked and that he had notice of the revocation, as required for a conviction under Code § 46.2-391. This Court held that the DMV transcript was not testimonial because it was not accusatory in nature — it did not "describe any criminal wrongdoing of [the defendant]" — and because it did not "resemble *ex parte* communications, the principal evil at which the Confrontation Clause was directed." Id. at 756, 644 S.E.2d at 410 (alteration in original; internal quotation marks and citations omitted). See also Sanders v. Commonwealth, 282 Va. 154, 711 S.E.2d 213 (2011) (holding that a medical report prepared for treatment purposes is not testimonial); Walker v. Commonwealth, 281 Va. 227, 704 S.E.2d 124 (2011) (holding introduction of the automobile industry's blue book did not violate the Confrontation Clause as it was not prepared for the purpose of assisting the Commonwealth obtain a conviction).

Other states that have addressed this issue have concluded that neither court orders nor returns of service are testimonial. In State v. Redmond, 804 N.W.2d 315 (TABLE), 2011 Iowa App. LEXIS 755 (Iowa Ct. App. July 27, 2011), the Iowa appellate court ruled that prior conviction orders were not "testimonial" and admission of such documents did not violate the Confrontation Clause. Id. at *16-17. Likewise, in Commonwealth v. Weeks, 927 N.E.2d 1023 (Mass. App. Ct. 2010), the Appeals Court of Massachusetts held that docket sheets reciting convictions were not testimonial. "Certified records of convictions are created to establish the fact of adjudication, so as to promote accountability to the public regarding official proceedings and public knowledge of the outcome of these proceedings." Id. at 1027.

In Commonwealth v. Shangkuan, 943 N.E.2d 466, 469 (Mass. App. Ct. 2011), the Appeals Court of Massachusetts concluded the Commonwealth could use the completed return

of service on a protective order to prove, as required by the Massachusetts statute prohibiting

violations of protective orders, that the defendant "had knowledge of the order." The

Massachusetts court concluded the return of service was not testimonial because it was not

prepared for the purpose of establishing a fact at the defendant's trial. Id. at 472. Instead, the

court held, "the primary purpose for which the return of service in this case was created is to

serve the routine administrative functions of the court system, ensuring that the defendant

received the fair notice to which he is statutorily and constitutionally entitled." Id. In reaching

this decision, the court reasoned:

> With the exception of some ex parte documents, we are
> unaware of any document filed with, or issued by, our courts that is
> not required to be served by, or on, the parties. Whether the
> proceeding is criminal or civil, the fair administration of justice
> requires that parties and the court be advised of the service of
> pleadings and filings. Our judicial system does not work without
> notice to all involved. . . . In the case of [the order] here, the statute
> itself not only requires service but also specifies how it is made
> and returned.
>
> *     *     *     *     *     *     *
>
> The return of service completes the service of process. It
> gives assurance that service really has been made and establish[es]
> that proceedings implementing the constitutional requirements of
> due process were followed.

Id. at 472 (alteration in original; internal quotation marks and citations omitted). Similarly, the

California Court of Appeals held in People v. Saffold, 26 Cal. Rptr. 3d 190, 193 (Cal. Ct. App.

2005), that the return of service on a protective order was not "testimonial" because the officer

who effected service "was not an accuser making a statement to government officers" but instead

completed service "in the routine performance of his duties." Id.

The December 28 order is not "testimonial" because it was not prepared in anticipation of

a criminal prosecution and does not accuse the defendant of any criminal wrongdoing. The

December 28 order is a court document memorializing the fact that the JDR court adjudicated a

civil proceeding: Salieva's petition for a preliminary protective order pursuant to Code § 16.1-253.1. It was not created to be used as evidence in a criminal case. The December 28 order was in fact prepared in a government setting by a judge and court staff performing ministerial tasks. Thus, the primary purpose of the December 28 order was not to assist the Commonwealth in securing a conviction against the defendant, but was instead issued and served as part of the JDR court's ministerial duties and in the expectation that appellant would comply with the order and have no further contact with his wife and children. Furthermore, such records are maintained independent of any request from a prosecutor for use of the documents at a trial.

Additionally, there is no requirement that the Commonwealth prove the protective order was translated into Russian, or any another language. Smoot v. Commonwealth, 18 Va. App. 562, 566, 445 S.E.2d 688, 691 (1994) ("Personal service satisfies the requirement of actual notice. Appellant's failure to read these papers or to ascertain their content does not nullify the fact that he received actual notice."). Because the Commonwealth was not required to prove the document was translated into Russian, the notation that a Russian translator was present in the JDR court on December 28, 2012 is in no way testimonial.

For all of these reasons, the trial court did not err when it admitted the December 28 order into evidence at appellant's trial.

### III. Sufficiency of the Evidence

Appellant argues the trial court erred in denying his motion to strike because the evidence was insufficient to prove he had actual notice of the terms and conditions of the preliminary protective order. Appellant contends the preliminary protective order was written in English and there was no evidence it was translated to him by a Russian interpreter.

"When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it."

Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). Evidence is sufficient if any rational fact-finder could have found the elements satisfied beyond a reasonable doubt, even if the conclusions differ from those actually found at trial. Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011); Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008). The appellate court's examination of the record "is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling." Bolden, 275 Va. at 147, 654 S.E.2d at 586. Furthermore, an appellate court is required to "consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth." Perry v. Commonwealth, 280 Va. 572, 578, 701 S.E.2d 431, 435 (2010) (citation omitted).

Code § 16.1-253.1(A) allows the juvenile and domestic relations district court to "issue a preliminary protective order against an allegedly abusing person in order to protect the health and safety of the petitioner or any family or household member of the petitioner." Code § 16.1-253.1(B) directs that "the order shall be served forthwith on the allegedly abusing person in person as provided in § 16.1-264 . . . ."

> In order to hold a litigant in contempt for violation of a court order, the litigant must have knowledge of the terms of the order. See Tsai v. Commonwealth, 51 Va. App. 649, 653, 659 S.E.2d 594, 596 (2008) (holding that a court may not hold a person in contempt when that person never received "notice of any kind" of an order); see also Calamos v. Commonwealth, 184 Va. 397, 406, 35 S.E.2d 397, 400 (1945) ("Since the evidence fails to show that [the plaintiff] had actual knowledge or notice of the . . . order . . . the court erred in holding him (the plaintiff in error) in contempt for violating such order.").

Zedan v. Westheim, 60 Va. App. 556, 574, 729 S.E.2d 785, 794 (2012).

The record reflects that appellant received personal service of the order. It is noted on the December 28, 2012 order that appellant was personally served by a Fairfax County Deputy Sheriff on December 28, 2012 at 11:40 a.m. The order clearly prohibited appellant from having

further contact with the family members, and further instructed appellant to stay five hundred feet away from his family members at all times. Once an order is served on a litigant, the litigant is deemed to have notice of the document or proceeding. "Personal service satisfies [a] requirement of actual notice. Appellant's failure to read the papers or to ascertain their content does not nullify the fact that he received actual notice." Smoot, 18 Va. App. at 566, 445 S.E.2d at 691 (personal service of habitual offender order deemed actual notice, despite Smoot's claim he never read or determined contents of the order). Thus, the Commonwealth met its burden in proving appellant had notice of the order.

Appellant further contends that the preliminary protective order was written in English and there was no evidence it was translated to him by a Russian interpreter. Appellant cites no authority, and we find none to say, that the document must be explained to the recipient in order for him to have knowledge of the terms of the order.

Here, appellant received personal service and, thus, is charged with notice of the contents of the order. It is well settled that "[a] court speaks through its orders . . . ." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). Neither Code § 16.1-253.1 nor Code § 16.1-264 requires the process server or an interpreter to explain or interpret the order being served. If the litigant is properly served, it is incumbent upon the recipient to learn the import of the order. See Smoot, 18 Va. App. at 566, 445 S.E.2d at 691. Accordingly, the trial court did not err by finding appellant had proper personal service and notice of the terms of the order.

## IV. Response to Jury Question

Appellant argues the trial court erroneously informed the jury, in response to a question, that "service of the protective order is actual service" because the response was misleading and inaccurate.

Jury Instruction 1 provided that the Commonwealth was required to prove appellant knowingly and intentionally contacted Salieva, that such act violated the protective order, that appellant had actual notice of the terms of the protective order, and that the act occurred while the protective order was in effect.

During deliberations, the jury sent a note to the trial judge that stated, "Does 'actual notice' in element 3 of Instruction 1 require [appellant] to understand the terms of the protective order, or simply require that [appellant] was provided with the terms of the protective order." The trial judge's suggested response was "Service of the protective order is actual notice." Appellant objected and requested the trial judge respond, "The instruction speaks for itself." The trial judge did not give her initial suggested response, but informed the jury, "Service of the protective order is actual service." Appellant made no objection to the judge's response, and he invokes the ends of justice exception to Rule 5A:18.

"In order to avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).

> In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth failed to prove an element of the offense. . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Id. at 221-22, 487 S.E.2d at 272-73. "Therefore, 'in examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" Wheeler v. Commonwealth, 44 Va. App. 689, 692, 607 S.E.2d 133, 135 (2005) (quoting Lewis v. Commonwealth, 43 Va. App. 126, 134, 596 S.E.2d 542, 546 (2004)).

A review of the record shows that the JDR court entered an order extending a preliminary protective order until January 23, 2013 and the order barred appellant from contacting Salieva. Salieva testified appellant appeared at her residence on January 4, 2013. In this case, appellant does not claim that the jury instruction was improper, but claims that the trial judge's response to a question by the jury was misleading. Based upon a review of the circumstances in this case, appellant has failed to demonstrate that he was convicted for conduct that was not a criminal offense and the record does not affirmatively prove that an element of the offense did not occur. Appellant has failed to provide a sufficient basis to invoke the ends of justice exception to Rule 5A:18.

## V. Conclusion

For the foregoing reasons, we find that the trial court did not err in finding appellant guilty of violating a protective order in violation of Code § 16.1-253.2. Accordingly, the trial court is affirmed.

<u>Affirmed.</u>